B1 (Official Form 1) (4/13)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| **NORTHERN** DISTRICT OF **ILLINOIS** | |

| Name of Debtor (if individual, enter Last, First, Middle): **Moore, Sidney** | Name of Joint Debtor (Spouse)(Last, First, Middle): **Moore, Tamika** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **NONE** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): **aka Tamika Summerville** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **8959** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **5038** |
| Street Address of Debtor (No. & Street, City, and State): **4214 West Haddon Avenue** **Chicago, IL**   ZIPCODE **60651** | Street Address of Joint Debtor (No. & Street, City, and State): **4214 West Haddon Avenue** **Chicago, IL**   ZIPCODE **60651** |
| County of Residence or of the Principal Place of Business: **Cook** | County of Residence or of the Principal Place of Business: **Cook** |
| Mailing Address of Debtor (if different from street address): **SAME**   ZIPCODE | Mailing Address of Joint Debtor (if different from street address): **SAME**   ZIPCODE |

| Location of Principal Assets of Business Debtor (if different from street address above): **NOT APPLICABLE**   ZIPCODE |
|---|

| **Type of Debtor** (Form of organization) (Check **one** box.) | **Nature of Business** (Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* <br> ☐ Corporation (includes LLC and LLP) <br> ☐ Partnership <br> ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below | ☐ Health Care Business <br> ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B) <br> ☐ Railroad <br> ☐ Stockbroker <br> ☐ Commodity Broker <br> ☐ Clearing Bank <br> ☐ Other | ☒ Chapter 7 <br> ☐ Chapter 9 <br> ☐ Chapter 11 <br> ☐ Chapter 12 <br> ☐ Chapter 13 <br><br> ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding <br> ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

**Nature of Debts** (Check one box)
☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"     ☐ Debts are primarily business debts.

| **Chapter 15 Debtors** Country of debtor's center of main interests: _____ <br><br> Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____ | **Tax-Exempt Entity** (Check box, if applicable.) <br> ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Chapter 11 Debtors:** <br> **Check one box:** <br> ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D). <br> ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). |
|---|---|---|

**Check if:**
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter)*

| **Filing Fee** (Check one box) <br> ☒ Full Filing Fee attached <br> ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. <br> ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check all applicable boxes:** <br> ☐ A plan is being filed with this petition <br> ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. <br> ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ☒ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| ☒ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☒ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (4/13)                                                                        FORM B1, Page   2

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | *Sidney Moore and* |
| | *Tamika Moore* |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | (If more than two, attach additional sheet) | |
|---|---|---|
| Location Where Filed: *ILLINOIS NORTHERN* | Case Number: *10-56549* | Date Filed: *December 22, 2010* |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | (If more than one, attach additional sheet) | |
|---|---|---|
| Name of Debtor: *NONE* | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) |
| | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition | X    */s/ Jeff Whitehead* |
| | Signature of Attorney for Debtor(s)                    Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D, completed and signed by the debtor, is attached and made part of this petition.

If this is a joint petition:

☒ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (4/13)                                                          FORM B1, Page   3

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | *Sidney Moore and* *Tamika Moore* |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only one box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b) | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

**X** */s/ Sidney Moore*
Signature of Debtor

**X** */s/ Tamika Moore*
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

X _____
(Signature of Foreign Representative)

_____
(Printed name of Foreign Representative)

_____
(Date)

---

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|

**X** */s/ Jeff Whitehead*
Signature of Attorney for Debtor(s)

*Jeff Whitehead*
Printed Name of Attorney for Debtor(s)

*Law Office of Jeff Whitehead*
Firm Name

*700 W Van Buren*
Address

*Suite 1506*

*Chicago, IL  60607*

*312-648-0473*
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110 (h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

---

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re *Sidney Moore*
   *and*
   *Tamika Moore*

_____

Case No. _____

(if known)

                    Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒   1. Within the 180 days   **before the filing of my bankruptcy case,**   I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐   2. Within the 180 days   **before the filing of my bankruptcy case,**   I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐   3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

**   If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐    4. I am not required to receive a credit counseling briefing because of:    *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ Sidney Moore* _____

Date: _____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re *Sidney Moore*                                    Case No.
    *and*                                               Chapter    7
    *Tamika Moore*
_____
                    Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days    **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.    *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days    **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.    *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

    **If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit briefing.**

☐    4.  I am not required to receive a credit counseling briefing because of:   *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ Tamika Moore* _____

Date:    _____

B6 Summary (Official Form 6 - Summary) (12/14)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re *Sidney Moore and Tamika Moore*

Case No.

Chapter  **7**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $ *0.00* | | |
| B-Personal Property | *Yes* | *3* | $ *9,050.00* | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *1* | | $ *0.00* | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *2* | | $ *2,721.69* | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *12* | | $ *36,864.17* | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $ *4,123.67* |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *1* | | | $ *4,038.00* |
| TOTAL | | *24* | $ *9,050.00* | $ *39,585.86* | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re *Sidney Moore and Tamika Moore*

Case No.

Chapter  **7**

_____ / Debtor

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C  § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ *0.00* |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ *2,721.69* |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ *0.00* |
| Student Loan Obligations (from Schedule F) | $ *0.00* |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ *0.00* |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ *0.00* |
| **TOTAL** | $ *2,721.69* |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | $ *4,123.67* |
| Average Expenses (from Schedule J, Line 22) | $ *4,038.00* |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14) | $ *5,879.01* |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ *0.00* |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ *2,721.69* | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ *0.00* |
| 4. Total from Schedule F | | $ *36,864.17* |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ *36,864.17* |

In re *Sidney Moore and Tamika Moore* _____ ,    Case No._____
                    Debtor(s)                                                                                              (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *None* | | | | *None* |
| | | | **TOTAL $** *0.00* | |

No continuation sheets attached

**TOTAL $**   *0.00*
**(Report also on Summary of Schedules.)**

B6B (Official Form 6B) (12/07)

In re _Sidney Moore and Tamika Moore_ ,                                    Case No. _____

Debtor(s)                                                                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified in the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | | *Cash* <br> *Location: In debtor's possession* | J | $100.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Checking Account* <br> *Location: Alliant Credit Union* <br><br> *Checking Account* <br> *Location: Chase* | H <br><br> J | $100.00 <br><br> $250.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | *Basic Household Goods* <br> *Location: In debtor's possession* | J | $1,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | *Basic Wearing Apparel* <br> *Location: In debtor's possession* | J | $1,000.00 |
| 7.  Furs and jewelry. | | *Costume Jewelry* <br> *Location: In debtor's possession* | J | $100.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

In re _Sidney Moore and Tamika Moore_ _____ ,    Case No. _____

Debtor(s)    (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | _401 K_ _Location: In debtor's possession_ | J | $4,500.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | _2005 Suzuki Forenza.  Fair condition._ _180,000 miles_ _Location: In debtor's possession_ | W | $2,000.00 |

Page __2__ of __3__

B6B (Official Form 6B) (12/07)

In re **Sidney Moore and Tamika Moore** ,                    Case No. _____
                    Debtor(s)                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Page ___3___ of ___3___

Total ➡ $9,050.00

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re **Sidney Moore and Tamika Moore** _____ ,    Case No. _____
    Debtor(s)                                                                                                              (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds $155,675.*

(Check one box)

☐ 11 U.S.C. § 522(b) (2)

☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| *Cash* | *735 ILCS 5/12-1001(b)* | $ 100.00 | $ 100.00 |
| *Checking Account* | *735 ILCS 5/12-1001(b)* | $ 250.00 | $ 250.00 |
| *Checking Account* | *735 ILCS 5/12-1001(b)* | $ 100.00 | $ 100.00 |
| *Basic Household Goods* | *735 ILCS 5/12-1001(b)* | $ 1,000.00 | $ 1,000.00 |
| *Basic Wearing Apparel* | *735 ILCS 5/12-1001(a)* | $ 1,000.00 | $ 1,000.00 |
| *Costume Jewelry* | *735 ILCS 5/12-1001(a)* | $ 100.00 | $ 100.00 |
| *401 K* | *735 ILCS 5/12-1006* | $ 4,500.00 | $ 4,500.00 |
| *2005 Suzuki Forenza* | *735 ILCS 5/12-1001(c)* | $ 2,000.00 | $ 2,000.00 |

* Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6D (Official Form 6D) (12/07)

In re *Sidney Moore and Tamika Moore*                                      ,        Case No._____
_____
                                        **Debtor(s)**                                                                                      **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No:  | | | | | | | |
| | | Value: | | | | | |
| Account No:  | | | | | | | |
| | | Value: | | | | | |
| No continuation sheets attached | | | | | **Subtotal $** (Total of this page) | $ 0.00 | $ 0.00 |
| | | | | | **Total $** (Use only on last page) | $ 0.00 | $ 0.00 |
| | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re _Sidney Moore and Tamika Moore_____,    Case No._____
                    **Debtor(s)**                                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_    **continuation sheets attached**

Official Form 6E (04/13) Cont.

In re _Sidney Moore and Tamika Moore_____ ,    Case No._____
    **Debtor(s)**    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet:  **Taxes and Certain Other Debts Owed to Governmental Units**

| Creditor's Name, Mailing Address Including ZIP Code, and Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred and Consideration for Claim H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority | Amount not Entitled to Priority, if any |
|---|---|---|---|---|---|---|---|---|
| Account No: **9750**<br>**Creditor # : 1**<br>**Citiy of Chicago EMS**<br>**33589 Treasury Center**<br>**Chicago IL 60694** | H | **2014**<br>**Medical benefits** | | | | $ 1,177.00 | $ 1,177.00 | $ 0.00 |
| Account No: **6451**<br>**Creditor # : 2**<br>**City of Chicago Dept. of Revenue**<br>**121 North LaSalle Street**<br>**#107A**<br>**Chicago IL 60602** | H | **2009 to 2010**<br>**Parking Tickets** | | | | $ 1,344.69 | $ 1,344.69 | $ 0.00 |
| Account No:<br>**Representing:**<br>**City of Chicago Dept. of** | | **Arnold Scott Harris**<br>**111 West Jackson Blvd.**<br>**Suite 400**<br>**Chicago IL 60604** | | | | | | |
| Account No:<br>**Creditor # : 3**<br>**Village of Harwood Heights**<br>**7300 West Wilson Avenue**<br>**Harwood Heights IL 60706** | W | **2013** | | | | $ 200.00 | $ 200.00 | $ 0.00 |
| Account No:<br>**Representing:**<br>**Village of Harwood Heights** | | **MCSI**<br>**7330 College Drive**<br>**Palos Heights IL 60463** | | | | | | |

Sheet No. ___1___ of ___1___ continuation sheets
attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| **Subtotal $** (Total of this page) | 2,721.69 | 2,721.69 | 0.00 |
| **Total $** (Use only on last page of the completed Schedule E. Report total also on Summary of Schedules) | 2,721.69 | | |
| **Total $** (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and | | 2,721.69 | 0.00 |

B6F (Official Form 6F) (12/07)

In re _Sidney Moore and Tamika Moore_ ,          Case No._____
          **Debtor(s)**                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed.  R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   *4651* Creditor # : 1 At&T PO Box 5093 Carol Stream IL 60197 | | *H* | *2010* Cellular Phone | | | | $ 514.00 |
| Account No:   *4651* Representing: At&T | | | Collection Co 700 Longwater Drive Norwell MA 02061 | | | | |
| Account No:   *5132* Creditor # : 2 Capital One PO Box 30281 Salt Lake City UT 84130 | | *H* | *2009 to 2010* Credit Card Purchases | | | | $ 481.82 |
| *11* continuation sheets attached | | | | | Subtotal $ | | $ 995.82 |
| | | | | | Total $ (Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related | | |

B6F (Official Form 6F) (12/07)  - Cont.

In re _Sidney Moore and Tamika Moore_                    ,         Case No. _____
                    **Debtor(s)**                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No.   *5132*  *Representing:*  *Capital One* | | *Weinstein and Riley PS*<br>*PO Box 3978*<br>*Seattle WA 98121* | | | | |
| Account No.   *7772*  *Creditor # : 3*<br>*Comcast*<br>*PO Box 3006*<br>*Southeastern PA 19398* | H | *2014*<br>*Cable Television* | | | | $ 618.87 |
| Account No.   *7772*  *Representing:*  *Comcast* | | *CMRE Financial Services*<br>*3075 East Imperial Hwy Ste 200*<br>*Brea CA 92821* | | | | |
| Account No.   *8999*  *Creditor # : 4*<br>*Comcast Corporation*<br>*Comcast Center*<br>*1701 JFK Boulevard*<br>*Philadelphia PA 19103* | W | *2013*<br>*Cable Television* | | | | $ 200.54 |
| Account No.   *8999*  *Representing:*  *Comcast Corporation* | | *Comcast*<br>*1255 West North Avenue*<br>*Chicago IL 60622* | | | | |

Sheet No. _1_ of _11_ continuation sheets attached to Schedule of          Subtotal $ | $ 819.41
Creditors Holding Unsecured Nonpriority Claims                            Total $ |

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Sidney Moore and Tamika Moore_ ,          Case No. _____

**Debtor(s)**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No.   8999 <br><br> Representing: <br><br> Comcast Corporation | | | EOS CCA 700 Longwater Drive Norwell MA 02061 | | | | |
| Account No.   5132 <br> Creditor # : 5 <br> Comed Residential <br> 1309 Technology Parkway <br> Cedar Falls IA 50613 | | J | 2009 to 2010 Utility Bills | | | | $ 723.00 |
| Account No.   276 <br> Creditor # : 6 <br> Contract Callers Inc. <br> 1058 Claussen Road <br> Suite 110 <br> Augusta GA 30907 | | W | 2013 | | | | $ 512.00 |
| Account No.   276 <br><br> Representing: <br><br> Contract Callers Inc. | | | Contract Callers Inc 501 Greene Street 3rd Floor Suite 302 Augusta GA 30907 | | | | |
| Account No.   0036 <br> Creditor # : 7 <br> Crescent Bank and Trust <br> 100 Poydras Street <br> New Orleans LA 70112 | | H | 2013 | | | | $ 2,444.00 |

Sheet No.   2   of   11   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $          $ 3,679.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Sidney Moore and Tamika Moore_____ ,      Case No._____
         **Debtor(s)**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   0036 Representing: Crescent Bank and Trust | | | Crescent Bank and Trust PO Box 61813 New Orleans LA 70161 | | | | |
| Account No:   0036 Representing: Crescent Bank and Trust | | | Crescent B&T 5401 Jefferson Highway Suite D New Orleans LA 70123 | | | | |
| Account No:   5491 Creditor # : 8 DirectTV 2230 East Imperial Highway El Segundo CA 90245 | | H | 2014 Cable Television | | | | $ 432.77 |
| Account No:   5491 Representing: DirectTV | | | Focus Receivables Management 1130 Northchase Parkway Suite 150 Marietta GA 30067 | | | | |
| Account No:   5491 Representing: DirectTV | | | Mercantile Adjustment Bureau L PO Box 9055 Buffalo NY 14231 | | | | |

Sheet No.   _3_  of  _11_ continuation sheets attached to Schedule of        Subtotal $        $ 432.77
Creditors Holding Unsecured Nonpriority Claims                              **Total $**
                                  (Use only on last page of the completed Schedule F. Report also on Summary of
                                  Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Sidney Moore and Tamika Moore_____ ,   Case No. _____
　　　　　　　　**Debtor(s)**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No.   5491  Representing:  DirectTV | | | Enhanced Recovery Company PO Box 57547 Jacksonville FL 32241 | | | | |
| Account No.   8100  Creditor # : 9 Dish Network PO Box 9033 Littleton CO 80160 | | H | 2013 Cable Television | | | | $ 1,058.87 |
| Account No.   8100  Representing:  Dish Network | | | CBE Group 1309 Technology Parkway Cedar Falls IA 50613 | | | | |
| Account No.  Creditor # : 10 Eagle Recovery Associates Inc. 424 SW Washington Street Peoria IL 61602 | | W | 2012 | | | | $ 690.00 |
| Account No.   0011  Creditor # : 11 Gottlieb Memorial Hospital PO Box 99400 Louisville KY 40269 | | H | 2013 Medical Bills | | | | $ 300.00 |

Sheet No.　_4_ of　_11_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Subtotal $　　$ 2,048.87
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Total $
(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Sidney Moore and Tamika Moore_ ,   Case No._____

**Debtor(s)**   (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:<br>Creditor # : 12<br>Great Lakes Specialty Finance Inc.<br>100 Commercial Drive<br>Fairfield OH 45014 | | W | 2013 | | | | $ 2,521.27 |
| Account No:   2322<br>Creditor # : 13<br>Heller and Frisone Ltd<br>33 North LaSalle Street<br>Suite 1200<br>Chicago IL 60602 | | H | 2014<br>Ambulance Service | | | | $ 625.00 |
| Account No:   8959<br>Creditor # : 14<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia PA 19101-7346 | | H | 2010-2012<br>Income Taxes | | | | $ 2,500.00 |
| Account No:   8959<br>Representing:<br>Internal Revenue Service | | | United States Attorney<br>219 S Dearborn Street<br>Chicago IL 60604 | | | | |
| Account No:   9465<br>Creditor # : 15<br>Jefferson Capital Systems<br>PO Box 953185<br>Saint Louis MO 63195 | | H | 2010<br>Credit Card Purchases | | | | $ 1,475.41 |

Sheet No.   5   of   11   continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 7,121.68

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Sidney Moore and Tamika Moore_____,   Case No._____
**Debtor(s)**                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   3784<br>Creditor # : 16<br>John Stroger Hospital<br>1900 West Polk Street<br>Suite G-16<br>Chicago IL 60612 | | H | 2013<br>Medical Bills | | | | $ 1,452.20 |
| Account No:   1-00<br>Creditor # : 17<br>Lendgreen<br>PO Box 221<br>Lac du Flambeau WI 54538 | | W | 2012 | | | | $ 4,790.00 |
| Account No:   3784<br>Creditor # : 18<br>Linebarger Goggan Blair<br>PO Box 06268<br>Chicago IL 60606 | | W | 2013 | | | | $ 100.00 |
| Account No:   2455<br>Creditor # : 19<br>Loyola University Medical Center<br>2160 South First Avenue<br>Maywood IL 60153 | | J | 2013<br>Medical Bills | | | | $ 500.00 |
| Account No:   4723<br>Creditor # : 20<br>Nationwide Credit and Collection<br>815 Commerce Drive<br>Suite 100<br>Oak Brook IL 60523 | | W | 2014 | | | | $ 500.00 |

Sheet No.   6   of   11   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 7,342.20

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)  - Cont.

In re _Sidney Moore and Tamika Moore_____ ,    Case No._____
              **Debtor(s)**    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   6346<br><br>Creditor # : 21<br>Nicholas Financial<br>Bldg C Suite 501 B<br>2454 McMullen Booth Road<br>Clearwater FL 33759 | W | 2012 | | | | $ 2,956.20 |
| Account No:   6346<br><br>Representing:<br><br>Nicholas Financial | | Julianna G Robertson<br>7915 South Emerson Avenue<br>Suite B230<br>Indianapolis IN 46237 | | | | |
| Account No:   5-00<br><br>Creditor # : 22<br>Northstar Finance<br>PO Box 498<br>Hays MT 59527 | W | 2012 | | | | $ 3,190.60 |
| Account No:   3406<br><br>Creditor # : 23<br>PCC Community Wellness<br>2010 North Harlem Avenue<br>Elmwood Park IL 60707 | H | 2014<br>Medical Bills | | | | $ 140.00 |
| Account No:   4878<br><br>Creditor # : 24<br>Peoples Energy<br>200 East Randolph<br>Chicago IL 60601 | W | 2013<br>Utility Bills | | | | $ 512.00 |

Sheet No.   7   of   11   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                        **Subtotal $**    $ 6,798.80

                                        **Total $**

(Use only on last page of the completed Schedule F. Report on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Sidney Moore and Tamika Moore_____,   Case No._____
**Debtor(s)**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   *4878* <br><br> *Representing:* <br><br> *Peoples Energy* | | *NCO Financial Systems* <br> *600 Holiday Plaza Suite 300* <br> *Matteson IL 60443* | | | | |
| Account No:   *9476* <br> *Creditor # : 25* <br> *Pressence Resurrection Medical Center* <br> *621 17th Steet* <br> *Suite 1800* <br> *Denver CO 80293* | *H* | *2012* <br> *Medical Bills* | | | | $ 300.00 |
| Account No:   *5917* <br> *Creditor # : 26* <br> *TMobile* <br> *12920 SE 38th Street* <br> *Bellevue WA 98006* | *H* | *2013* <br> *Cellular Phone* | | | | $ 462.00 |
| Account No:   *5917* <br><br> *Representing:* <br><br> *TMobile* | | *Midland Funding LLC* <br> *8875 Aero Drive* <br> *Suite 200* <br> *San Diego CA 92123* | | | | |
| Account No:   *5917* <br><br> *Representing:* <br><br> *TMobile* | | *Diversified Consultants* <br> *PO Box 551268* <br> *Jacksonville FL 32255* | | | | |

Sheet No.   _8_ of   _11_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $      $ 762.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07) - Cont.

In re _Sidney Moore and Tamika Moore_____ ,   Case No._____
          **Debtor(s)**                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   4735<br><br>Creditor # : 27<br>TMobile<br>12920 SE 38th Street<br>Bellevue WA 98006 | W | 2013<br>Cellular Phone | | | | $ 542.20 |
| Account No:   4735<br><br>Representing:<br><br>TMobile | | AFNI Inc<br>PO Box 3427<br>Bloomington IL 61702 | | | | |
| Account No:   4735<br><br>Representing:<br><br>TMobile | | TMOBILE<br>PO Box 37380<br>Albuquerque NM 87176 | | | | |
| Account No:   4623<br><br>Creditor # : 28<br>United Auto Credit Corp<br>18191 Von Karman Avenue<br>Suite 300<br>Irvine CA 92612 | H | 4917.08<br>Defiency Balance | | | | $ 4,917.08 |
| Account No:   4623<br><br>Representing:<br><br>United Auto Credit Corp | | Arthur B Adler<br>25 East Washington Blvd.<br>Suite 50<br>Chicago IL 60602 | | | | |

Sheet No.   9   of   11   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 5,459.28

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)   - Cont.

In re _Sidney Moore and Tamika Moore_ ,   Case No._____
**Debtor(s)**   (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No.   *4623*  *Representing:*  *United Auto Credit Corp* | | *Weinstein and Riley PS*<br>*PO Box 3978*<br>*Seattle WA 98121* | | | | |
| Account No.   *8465*  *Creditor # : 29*<br>*Verizon Wireless*<br>*PO Box 26055*<br>*Minneapolis MN 55426* | H | *2010*<br>*Cellular Phone* | | | | *$ 504.34* |
| Account No.   *8465*  *Representing:*  *Verizon Wireless* | | *Midland Credit Management*<br>*8875 Aero Drive #200*<br>*San Diego CA 92123* | | | | |
| Account No.   *0251*  *Creditor # : 30*<br>*West Suburban Medical Center*<br>*PO Box 830913*<br>*Birmingham AL 35283* | H | *2014*<br>*Medical Bills* | | | | *$ 800.00* |
| Account No.   *5178*  *Creditor # : 31*<br>*West Suburban Medical Center*<br>*PO Box 830913*<br>*Birmingham AL 35283* | W | *2013*<br>*Medical Bills* | | | | *$ 100.00* |

Sheet No.   _10_ of   _11_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 1,404.34

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6F (Official Form 6F) (12/07)  - Cont.

In re _Sidney Moore and Tamika Moore_____ ,    Case No. _____
        **Debtor(s)**                                                                 **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No.   5178  *Representing:*  West Suburban Medical Center | | | First Financial Investment Fun 3091 Governors Lake Drive Norcross GA 30071 | | | | |
| Account No.   5178  *Representing:*  West Suburban Medical Center | | | CMRE Financial Services 3075 East Imperial Hwy Ste 200 Brea CA 92821 | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No. _11_ of _11_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| **Subtotal $** | $ 0.00 |
| **Total $** | $ 36,864.17 |

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

B6G (Official Form 6G) (12/07)

In re *Sidney Moore and Tamika Moore* _____ / Debtor     Case No. _____

                                                                              (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| *Celeste Summerville*<br>*4214 West Haddon Avenue*<br>*Chicago IL  60651* | Contract Type:*Residential lease*<br>Terms:*$750.00 per month*<br>Beginning date:<br>Debtor's Interest:*Lessee*<br>Description:<br><br>Buyout Option: |

B6H (Official Form 6H) (12/07)

In re _Sidney Moore and Tamika Moore_ _____ / Debtor      Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

**Fill in this information to identify your case:**

Debtor 1 __Sidney Moore__
First Name   Middle Name   Last Name

Debtor 2 __Tamika Moore__
(Spouse, if filing) First Name   Middle Name   Last Name

United States Bankruptcy Court for the: __NORTHERN__   District of __ILLINOIS__

Case number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:
_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   **Describe Employment**

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may Include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☑ Employed<br>☐ Not employed | ☑ Employed<br>☐ Not employed |
| Occupation | Ramp Supervisor | Office Manager |
| Employer's name | United Airlines | Chicago Legal Clinic |
| Employer's address | PO Box 66100<br>Number   Street | 2938 East 91st Street<br>Number   Street |
| | Chicago   IL   60666<br>City   State   ZIP Code | Chicago   IL   60617<br>City   State   ZIP Code |
| How long employed there? | 2 years | 7 years |

**Part 2:**   **Give Details About Monthly Income**

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 3129.01 | $ 2750.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. + $ 0.00 | + $ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ 3129.01 | $ 2750.00 |

Debtor 1    Sidney Moore
_____
First Name    Middle Name    Last Name

Case number (if known)_____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here ............................................................ ➔ | 4. | $ 3129.01 | $ 2750.00 |

5. **List all payroll deductions:**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 423.67 | $ 578.30 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. **Insurance** | 5e. | $ 753.37 | $ 0.00 |
| 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $ 0.00 | + $ 0.00 |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 1177.04 | $ 578.30 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 1951.97 | $ 2171.70 |

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income.** Specify: _____ | 8h. | + $ 0.00 | + $ 0.00 |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 0.00 | $ 0.00 |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 1,951.97 + | $ 2,171.70 = | $ 4123.67 |

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____    11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    12.    $ 4123.67

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain:

**Fill in this information to identify your case:**

Debtor 1    Sidney Moore
_____
First Name            Middle Name            Last Name

Debtor 2    Tamika Moore
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the: NORTHERN _____ District of ILLINOIS

Case number _____
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No.  Go to line 2.
   ☑ Yes. **Does Debtor 2 live in a separate household?**
     ☑ No
     ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No
   ☑ Yes. Fill out this information for each dependent.........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 7 | ☐ No  ☑ Yes |
| Daughter | 8 | ☐ No  ☑ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ☑ No
   ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I).

|  | | **Your expenses** |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $ 750.00 |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. | $ 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $ 20.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $ 50.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $ 0.00 |

| Debtor 1 | Sidney Moore | | | Case number (if known) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | | **Your expenses** |
|---|---|---|---|

| 5. | **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ _____ 0.00 |
|---|---|---|---|
| 6. | **Utilities:** | | |
| 6a. | Electricity, heat, natural gas | 6a. | $ _____ 315.00 |
| 6b. | Water, sewer, garbage collection | 6b. | $ _____ 15.00 |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ _____ 195.00 |
| 6d. | Other. Specify: ___Cell Phones_____ | 6d. | $ _____ 200.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ _____ 675.00 |
| 8. | **Childcare and children's education costs** | 8. | $ _____ 395.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ _____ 100.00 |
| 10. | **Personal care products and services** | 10. | $ _____ 75.00 |
| 11. | **Medical and dental expenses** | 11. | $ _____ 275.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ _____ 475.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ _____ 150.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ _____ 10.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. | Life insurance | 15a. | $ _____ 0.00 |
| 15b. | Health insurance | 15b. | $ _____ 0.00 |
| 15c. | Vehicle insurance | 15c. | $ _____ 122.00 |
| 15d. | Other insurance. Specify:_____ | 15d. | $ _____ 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ _____ 0.00 |
| 17. | **Installment or lease payments:** | | |
| 17a. | Car payments for Vehicle 1 | 17a. | $ _____ 0.00 |
| 17b. | Car payments for Vehicle 2 | 17b. | $ _____ 0.00 |
| 17c. | Other. Specify:_____ | 17c. | $ _____ 0.00 |
| 17d. | Other. Specify:_____ | 17d. | $ _____ 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. | $ _____ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $ _____ 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| 20a. | Mortgages on other property | 20a. | $ _____ 0.00 |
| 20b. | Real estate taxes | 20b. | $ _____ 0.00 |
| 20c. | Property, homeowner's, or renter's insurance | 20c. | $ _____ 0.00 |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ _____ 0.00 |
| 20e. | Homeowner's association or condominium dues | 20e. | $ _____ 0.00 |

Debtor 1    Sidney Moore                              Case number *(if known)*_____

First Name    Middle Name    Last Name

---

21. **Other**. Specify: ___Washer Dryer Rental_____     21. **+**$_____216.00

22. **Your monthly expenses.** Add lines 4 through 21.
The result is your monthly expenses.     22.   $_____4038.00

23. **Calculate your monthly net income.**

    23a.   Copy line 12 (*your combined monthly income*) from *Schedule I*.     23a.   $_____4123.67

    23b.   Copy your monthly expenses from line 22 above.     23b.   **—** $_____4038.00

    23c.   Subtract your monthly expenses from your monthly income.
The result is your *monthly net income*.     23c.   $_____85.67

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.    Explain here:

B6 Declaration (Official Form 6 - Declaration) (12/14)

In re *Sidney Moore and Tamika Moore* _____   Case No. _____
                                    Debtor                                                            (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___25___ sheets, and that they are true and correct to the best of my knowledge, information and belief.


Date: *12/22/2014* _____        Signature  */s/ Sidney Moore* _____
                                              *Sidney Moore*


Date: *12/22/2014* _____        Signature  */s/ Tamika Moore* _____
                                              *Tamika Moore*

                                   [If joint case, both spouses must sign.]


Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

---

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER   (See 11.U.S.C. § 110)

I certify that I am a bankruptcy preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Preparer: _____                     Social security No. : _____



Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:



If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.


X_____        Date: _____


A bankruptcy petition preparer's failure to comply with the provisions of title 11 and  the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.


Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B 7 (Official Form 7) (4/13)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re: *Sidney Moore*
    *and*

    *Tamika Moore*
    *aka Tamika Summerville*

Case No.
_____
(if known)

Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(2), (31).

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| Year to date: $36,947.00 | *Debtor's income from employment.* |
| Last Year: $37,515.00 | *Debtor's income from employment.* |
| Year before: $35,900.00 | *Debtor's income from employment.* |
| | |
| Year to date: $32,800.00 | *Joint Debtor's income from employment.* |
| Last Year: $33,400.00 | *Joint Debtor's income from employment.* |
| Year before: $32,640.00 | *Joint Debtor's income from employment.* |

---

### 2. Income other than from employment or operation of business

None ☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and

a joint petition is not filed.)

---

### 3. Payments to creditors

None ☒

Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☒

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

---

None ☒

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Nicholas Financial vs. Moore; 13 M1 146346* | *Collection Suit* | *Cook County Circuit Court* | *Judgment entered.* |

---

None ☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 5. Repossessions, foreclosures and returns

None ☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None ☒   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None ☒   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None ☒   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Jeff Whitehead* *Address:* *700 W Van Buren* *Suite 1506* *Chicago, IL 60607* | *Date of Payment:12/2014* *Payor: Sidney Moore* | *$335.00* |

## 10. Other transfers

None ☒   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒   b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

Statement of Affairs - Page 3

## 11. Closed financial accounts

None

☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None

☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None

☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None

☒

List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None

☒

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

## 16. Spouses and Former Spouses

None

☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

## 17. Environmental Information

None

☒

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor,
including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☒   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☒   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

## 18. Nature, location and name of business

None ☒   a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

   If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses     in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

   If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses     in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

None ☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____    Signature   **/s/ Sidney Moore** _____
                         of Debtor

Date _____    Signature   **/s/ Tamika Moore** _____
                         of Joint Debtor
                         (if any)

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 34(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No.(Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal,, responsible person, or partner who signs this document.*

_____

_____
Address

X _____          _____
Signature of Bankruptcy Petition Preparer          Date


Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:



If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Sidney Moore and Tamika Moore*                    Case No.
                                                          Chapter   7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - HUSBAND'S DEBTS

**Part A -**  Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. |
|---|

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *None* | |

Property will be (check one) :

☐ Surrendered        ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt        ☐ Not claimed as exempt

**Part B -**  Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. |
|---|

| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| *None* | | ☐ Yes        ☐ No |

### Signature of Debtor(s)

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: _____        Debtor:  */s/ Sidney Moore*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Sidney Moore and Tamika Moore*

Case No.

Chapter  **7**

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - WIFE'S DEBTS

**Part A -**  Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No.

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *None* | |

Property will be (check one) :

☐ Surrendered    ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☐ Not claimed as exempt

**Part B -**  Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No.

| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| *None* | | ☐ Yes    ☐ No |

## Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _____    Debtor:  */s/ Tamika Moore* _____

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Sidney Moore and Tamika Moore*

Case No.

Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - JOINT DEBTS

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. | |
|---|---|
| **Creditor's Name :**<br>*None* | **Describe Property Securing Debt :** |

Property will be (check one) :

☐ Surrendered    ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____    (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☐ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. *1* | | |
|---|---|---|
| **Lessor's Name:**<br>*Celeste Summerville* | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☒ Yes    ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _____     Debtor: */s/ Sidney Moore*

Date: _____     Joint Debtor: */s/ Tamika Moore*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re *Sidney Moore*
        *and*
*Tamika Moore*
*aka Tamika Summerville*

Case No.
Chapter  *7*

_____ / Debtor

Attorney for Debtor:   *Jeff Whitehead*

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in
        connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ *335.00*
    b)  Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $ _____ *335.00*
    c)  The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ *0.00*

3.  $ _____*306.00*_____ of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
        file a petition under title 11 of the United States Code.
    b)  Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
        court.
    c)  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and
        *None other*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
    be from earnings, wages and compensation for services performed, and
        *None other*

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
    the value stated:
        *None*

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
    law firm, any compensation paid or to be paid except as follows:
        *None*

Dated:                                    Respectfully submitted,


                                    X */s/ Jeff Whitehead* _____
Attorney for Petitioner: *Jeff Whitehead*
                         *Law Office of Jeff Whitehead*
                         *700 W Van Buren*
                         *Suite 1506*
                         *Chicago IL  60607*
                         *312-648-0473*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Sidney Moore*
   *and*
   *Tamika Moore*
   *aka Tamika Summerville*

Case No.

Chapter  *7*

_____ / Debtor

Attorney for Debtor:  *Jeff Whitehead*

## <u>VERIFICATION OF CREDITOR MATRIX</u>

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Date: _____

*/s/ Sidney Moore* _____
Debtor

*/s/ Tamika Moore* _____
Joint Debtor

AFNI Inc.
PO Box 3427
Bloomington, IL  61702

Arnold Scott Harris
111 West Jackson Blvd.
Suite 400
Chicago, IL  60604

Arthur B Adler
25 East Washington Blvd.
Suite 50
Chicago, IL  60602

At&T
PO Box 5093
Carol Stream, IL  60197

Capital One
PO Box 30281
Salt Lake City, UT  84130

CBE Group
1309 Technology Parkway
Cedar Falls, IA  50613

Celeste Summerville
4214 West Haddon Avenue
Chicago, IL  60651

Citiy of Chicago EMS
33589 Treasury Center
Chicago, IL  60694

City of Chicago Dept. of Revenue
121 North LaSalle Street
#107A
Chicago, IL  60602

CMRE Financial Services
3075 East Imperial Hwy Ste 200
Brea, CA  92821

Collection Co
700 Longwater Drive
Norwell, MA  02061

Comcast
PO Box 3006
Southeastern, PA  19398

Comcast
1255 West North Avenue
Chicago, IL  60622

Comcast Corporation
Comcast Center
1701 JFK Boulevard
Philadelphia, PA  19103

Comed Residential
1309 Technology Parkway
Cedar Falls, IA  50613

Contract Callers Inc
501 Greene Street
3rd Floor Suite 302
Augusta, GA  30907

Contract Callers Inc.
1058 Claussen Road
Suite 110
Augusta, GA  30907

Crescent B&T
5401 Jefferson Highway
Suite D
New Orleans, LA  70123

Crescent Bank and Trust
100 Poydras Street
New Orleans, LA  70112

Crescent Bank and Trust
PO Box 61813
New Orleans, LA  70161

DirectTV
2230 East Imperial Highway
El Segundo, CA  90245

Dish Network
PO Box 9033
Littleton, CO  80160

Diversified Consultants
PO Box 551268
Jacksonville, FL  32255

Eagle Recovery Associates Inc.
424 SW Washington Street
Peoria, IL  61602

Enhanced Recovery Company
PO Box 57547
Jacksonville, FL  32241

EOS CCA
700 Longwater Drive
Norwell, MA  02061

First Financial Investment Fun
3091 Governors Lake Drive
Norcross, GA  30071

Focus Receivables Management
1130 Northchase Parkway
Suite 150
Marietta, GA  30067

Gottlieb Memorial Hospital
PO Box 99400
Louisville, KY  40269

Great Lakes Specialty Finance Inc.
100 Commercial Drive
Fairfield, OH  45014

Heller and Frisone Ltd
33 North LaSalle Street
Suite 1200
Chicago, IL  60602

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

Jeff Whitehead
700 W Van Buren
Suite 1506
Chicago, IL  60607

Jefferson Capital Systems
PO Box 953185
Saint Louis, MO  63195

John Stroger Hospital
1900 West Polk Street
Suite G-16
Chicago, IL  60612

Julianna G Robertson
7915 South Emerson Avenue
Suite B230
Indianapolis, IN  46237

Lendgreen
PO Box 221
Lac du Flambeau, WI  54538

Linebarger Goggan Blair
PO Box 06268
Chicago, IL  60606

Loyola University Medical Center
2160 South First Avenue
Maywood, IL  60153

MCSI
7330 College Drive
Palos Heights, IL  60463

Mercantile Adjustment Bureau L
PO Box 9055
Buffalo, NY  14231

Midland Credit Management
8875 Aero Drive #200
San Diego, CA  92123

Midland Funding LLC
8875 Aero Drive
Suite 200
San Diego, CA  92123

Sidney Moore
4214 West Haddon Avenue
Chicago, IL  60651

Tamika Moore
4214 West Haddon Avenue
Chicago, IL  60651

Nationwide Credit and Collection
815 Commerce Drive
Suite 100
Oak Brook, IL  60523

NCO Financial Systems
600 Holiday Plaza Suite 300
Matteson, IL  60443

Nicholas Financial
Bldg C Suite 501 B
2454 McMullen Booth Road
Clearwater, FL  33759

Northstar Finance
PO Box 498
Hays, MT  59527

PCC Community Wellness
2010 North Harlem Avenue
Elmwood Park, IL  60707

Peoples Energy
200 East Randolph
Chicago, IL  60601

Pressence Resurrection Medical Center
621 17th Steet
Suite 1800
Denver, CO  80293

TMOBILE
PO Box 37380
Albuquerque, NM  87176

TMobile
12920 SE 38th Street
Bellevue, WA  98006

United Auto Credit Corp
18191 Von Karman Avenue
Suite 300
Irvine, CA  92612

United States Attorney
219 S Dearborn Street
Chicago, IL  60604

Verizon Wireless
PO Box 26055
Minneapolis, MN  55426

Village of Harwood Heights
7300 West Wilson Avenue
Harwood Heights, IL  60706

Weinstein and Riley PS
PO Box 3978
Seattle, WA  98121

West Suburban Medical Center
PO Box 830913
Birmingham, AL  35283

**NOTICE TO ASSISTED PERSON ON
HOW TO PROVIDE ALL THE INFORMATION REQUIRED
UNDER THE BANKRUPTCY CODE PURSUANT TO 11 U.S.C. § 521
(Pursuant to 11 U.S.C. § 527(c))**

A.    Assets and Income.

1.    Valuation:

Examples of how to value assets at replacement value include:

a.    Vehicles
- Nadaguides.com retail value.
- Written replacement value from a dealer or insurance agent.
- Newspaper advertisements.
- Tax records (online or request copy from tax assessor)

b.    Real Estate
- Obtain a realtor to provide you with a written value.
- Obtain the recent appraisal of your home. If you purchased your home recently, your lender may have a copy.
- Check the MLS listings.
- Use your best estimate based upon your purchase price.
- Improvements, amount you would accept to sell your home.
- Online tax records or request copy from tax assessor.

c.    Personal property

- Think of what you would pay to replace the item with an exact match.
- Online tax records or request copy from tax assessor.
- Insurance policies may contain replacement value.

2.    Current monthly income

a.    Means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the six-month period ending on:

(i)    the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by § 521(a)(1)(B)(ii); or

      (ii)      the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by § 521(a)(1)(B)(ii); and

      (iii)     includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), but excludes benefits received under the Social Security Act, payments to victims of international terrorism (as defined in § 2331 of title 18) on account of their status as victims of such terrorism.

    b.      Provide a copy of your last six-month's income.

    c.      Provide proof of alimony or child support.

    d.      Provide proof of other financial assistance.

    e.      Provide all information correctly and completely as requested on your Debtor Questionnaire and answer our follow up questions completely, accurately and timely.

3.      Complete lists of creditors

       Provide copies of the previous two pieces of correspondence you have received from each creditor.

4.      Exempt property

       We will attempt to determine the extent of your available exemptions.

I have received a copy of this notice

/s/ Sidney Moore                                 4214 West Haddon Avenu Chicago, IL  60651
_____      _____     _____
Signature of Assisted Person                Date                     Address

Sidney Moore                                         Chicago, IL  60651
_____                          _____
Printed Name of Assisted Person                         City, State, Zip

8959
_____
Last 4 Digits of Social Security Number

FB 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:  (1)  Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.  <u>Services Available from Credit Counseling Agencies</u>

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**.  The briefing must be given within 180 days **<u>before</u>** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.  <u>The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors</u>

<u>Chapter 7</u>:  Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny

your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.